1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Developers Surety and Indemnity Company, an Iowa corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>First National Bank of Arizona, an Arizona financial institution,<br><br>    Defendant. | No. CV 08-636-PHX-JAT<br><br>**ORDER** |

On April 3, 2008, in setting the hearing on the pending motion for temporary restraining order and motion for preliminary injunction, the Court ordered Plaintiff to come to the hearing prepared to properly allege jurisdiction in this case (Plaintiff claims jurisdiction is based on diversity). The burden of proving jurisdiction is on Plaintiff because Plaintiff is the party asserting that this Court has jurisdiction. *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Specifically, the Court advised Plaintiff to be prepared to prove jurisdiction in light of *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006) and *Lehman Bros. Bank, FSB v. Frank T. Yoder Mortg.*, 415 F.Supp.2d 636 (E.D.Va. 2006).

At the hearing, Plaintiff alleged that Defendant is a national banking association. Defendant did not confirm nor deny this allegation. Plaintiff did not make any allegation regarding Defendant's citizenship. Defendant claimed it is "domiciled" in Arizona. The Court does not know whether "domiciled" was intended to be synonymous with "citizenship"

for purposes of diversity jurisdiction. Assuming Plaintiff is correct that Defendant is a national banking association,[1] then under *Wachovia*, Defendant is a citizen of the state where its main office, as set forth in its articles of association, is located. 546 U.S. at 307.

At the hearing on April 4, 2008, the Court instructed the parties to file a brief on this issue. The parties have not done so. Therefore,

**IT IS ORDERED** that by April 24, 2008, Plaintiff (as the party asserting jurisdiction) shall file a brief properly pleading this Court's jurisdiction, or this case will be dismissed for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff does not seek to have this Court rule on the pending motion for temporary restraining order and preliminary injunction (Doc. #4) by May 2, 2008 (one month from when the request for emergency relief was filed), the Court will deem the emergency to be moot and will deny the motion as such.

**IT IS FURTHER ORDERED** that because the Court held an emergency hearing on the motion for temporary restraining order and preliminary injunction, the motion to expedite (Doc. #6) is denied as moot.

DATED this 21st day of April, 2008.

_____
James A. Teilborg
United States District Judge

---

[1] *Wachovia* defined national banks as, "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." 546 U.S. at 306.